UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | No. 4:24-cv-00011-CDP |
| ) | |
| ST. LOUIS CITY SHERIFF'S DEPT., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Clint Phillips III's application to proceed in the district court without prepaying fees and costs. While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's application to proceed in the district court without prepayment of fees and costs and dismiss plaintiff's amended complaint without prejudice.

### The Amended Complaint

Plaintiff is currently incarcerated at the St. Louis County Justice Center. He brings this action pursuant to 42 U.S.C. § 1983, naming as defendants the St. Louis City Sheriff's Department, Unknown Sheriffs, and the City of St. Louis. Plaintiff states that at some point around September or October, 2023, he was "accosted by an African American Sheriff who continually threatened to attack me on Market St. between the civil courthouse and the Mel Carnahan Courthouse." Plaintiff states this occurred in front of numerous other sheriff's deputies who watched this event unfold. Plaintiff states he feared for his life because there were several deputies with weapons insisting that plaintiff meet their demands. He alleges these actions amounted to a false arrest and false imprisonment "because of the threat of force and/or the fear of the use of force."

Plaintiff states he suffered an aggravation of his post-traumatic stress disorder and schizophrenia. He seeks $777,777.00 in compensatory damages and $6 million in punitive damages for false arrest and false imprisonment.

## Discussion

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 590 U.S. ----, 140 S. Ct. 1721, 1723 (2020).

A review of this Court's files shows that plaintiff has previously brought at least three civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Phillips v. St. Louis City Police Officers*, No. 4:17-cv-1637-HEA (E.D. Mo. Jan. 10, 2018); *Phillips v. Romeo*, No. 4:17-cv-1636-NAB (E.D. Mo. Aug. 4, 2017); *Phillips v. City of St. Louis*, No. 4:11-cv-791-CEJ (E.D. Mo. May 19, 2011).

Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has not alleged that he is in imminent danger. All of his allegations concern events that took place in September or October, 2023. He does not allege that he is in any danger at the St. Louis County Justice Center. He has thus failed to demonstrate that the exception to the three-strikes provision in §1915(g) is applicable to him. Therefore, the Court will deny plaintiff's application to proceed in the district court without prepaying fees and costs and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **DENIED**. [ECF No. 6]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 7]

An order of dismissal will accompany this memorandum and order.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2024.